**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Harvey Payne, Appellant.

Appellate Case No. 2013-000376

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-053
Submitted January 6, 2016 – Filed February 3, 2016

**AFFIRMED**

Ginger D. Goforth, Lazenby Law Firm, LLC, of Spartanburg, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General David A. Spencer, and Assistant Attorney General T. Parkin C. Hunter, of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Robert Harvey Payne appeals his convictions for indecent exposure and pointing and presenting a firearm, arguing the trial court erred in (1) denying his motion for a directed verdict as to the indecent exposure charge because his nudity was expressive speech protected by the First Amendment and (2) denying his motion for a directed verdict as to the pointing and presenting a firearm charge because the State offered insufficient evidence he "presented" a firearm at another person. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the indecent exposure charge: *State v. Harris*, 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002) ("In reviewing the denial of a motion for a directed verdict, the evidence must be viewed in the light most favorable to the State. If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find that the case was properly submitted to the jury."); S.C. Code Ann. § 16-15-130(A)(1) (2015) ("It is unlawful for a person to wilfully, maliciously, and indecently expose his person in a public place, on property of others, or to the view of any person on a street or highway."); *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (noting the First Amendment "forbids the abridgment . . . of 'speech'"); *id.* ("[C]onduct may be 'sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments.'" (citation omitted)); *id.* ("In deciding whether particular conduct possesses sufficient communicative elements to bring the First Amendment into play, we have asked whether '[a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it.'" (alterations in original) (citation omitted)).

2. As to the pointing and presenting a firearm charge: S.C. Code Ann. § 16-23-410 (2015) ("It is unlawful for a person to present or point at another person a loaded or unloaded firearm."); *In re Spencer R.*, 387 S.C. 517, 522-23, 692 S.E.2d 569, 572 (Ct. App. 2010) (providing the following definition of "to present" as it is used in section 16-23-410: "to offer to view in a threatening manner, or to show in a threatening manner").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.